## The People *v.* Albino.

### Appeal from the District Court of Humacao.

No. 339.—Decided April 27, 1911.

COMPLAINT—ASSAULT WITH AGGRAVATING CIRCUMSTANCES.—In a complaint of assault with aggravating circumstances there is no necessity of specifying that the weapon made use of by the accused was deadly, it being sufficient to state the kind of weapon used, leaving to the consideration of the court the circumstance as to whether or not it was deadly.

ID.—WHERE THE PENALTY DOES NOT CORRESPOND TO THE CLASSIFICATION OF THE CRIME—APPEAL—NEW TRIAL.—It appearing that the accused in this case was found guilty of assault with aggravating circumstances and that the punishment imposed upon him corresponds to assault without aggravating

circumstances, and as the record does not contain sufficient elements to determine whether the classification of the crime or the penalty imposed therefor was erroneous, since the evidence taken at the trial has not been presented and the classification of the crime made in the complaint is not sufficient to decide that the one contained in the sentence was correct, a new trial must be ordered.

The facts are stated in the opinion.

Mr. *Lorenzo Jiménez y García* for appellant.

Mr. *Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the present case the appellant has filed in this Supreme Court no statement of facts, nor bill of exceptions, nor assignment of errors, and to decide the appeal of the defendant we have only the transcript of the record and the report of the *fiscal* of this court.

The accusation originally filed in the Municipal Court of Caguas and which served as basis for the new trial on appeal in the District Court of Humacao reads as follows:

"Municipal Court of Caguas, Porto Rico. United States of America, ss. The President of the United States. *The People of Porto Rico* v. *Celedonio Albino.* I, Pablo Fernández y Díaz, residing in *barrio* de Turabo Street, of Caguas, 36 years of age, file an accusation against aforesaid defendant for the crime of assault with aggravating circumstances, committed in the following manner: That yesterday, November 11, 1910, at 6 p. m., in *barrio* Turabo, forming part of the judicial district of the municipality of Caguas, while the deponent, accompanied by his brother, Pelayo Fernández, and by Francisco Sosa, was tethering some oxen on the estate which the deponent and his brother, Pelayo, have leased from Pascual Fernández Acevedo, the defendant maliciously and criminally assaulted them with a *machete* (cutlass) which he carried, because the deponent had told the defendant that a horse which was then unlawfully pasturing on said estate, by order of Severo Abella Bastón, had to be taken to the municipal pound, and that he forbade him to take away said horse. As this act is contrary to the peace and dignity of The People of Porto Rico, I denounce it before the court in order that justice may be done. Witnesses: Nicomedes Vega, Tomás Flores, Aniceta Oquendo, Pelayo Fernández, and Francisco Sosa. (Signed) Pablo Fernández, Complainant. Sworn to before me this 12th day of November, 1910. (Signed) Rafael Aguayo, Clerk of the Municipal Court of Caguas."

The defendant is charged therein, in clear and precise terms, with the commission of a crime of assault with aggravating circumstances, for in stating that the complainant and other persons were assaulted by the defendant with a *machete* there was no need of specifying that said instrument was a deadly weapon, because such estimate should be left to be made by the court in view of the class of weapon employed, the complainant's classification thereof being of no account.

The complaint, therefore, is sufficient, and the judge of the lower court, after hearing the evidence, declared in his judgment of January 3 last that the defendant was guilty of the crime of assault with aggravating circumstances and imposed upon him a fine of $15, in default whereof he was to serve one day of imprisonment for each unpaid dollar, and the costs.

As this case, being one of misdemeanor, was tried on appeal by the district court without a jury there is no written verdict of the latter determining the guilt of the defendant. This appears in the judgment convicting him of the crime of assault with aggravating circumstances, which, however, imposes upon him a fine of $15—a penalty below the minimum fixed by the statute for the punishment of the crime whereof the defendant was found guilty.

The penalty of a $15 fine is within the limits fixed by the law for simple assault; wherefore, it is evident that if the classification of the crime was correct the penalty imposed would be improper, because lower than that fixed by the law; and if, on the contrary, the classification is not correct, then the penalty would be justified.

We clearly see now that there is error either in the imposition of the penalty or in the classification of the crime, but we have not within our reach the elements enabling us to declare which of them is the erroneous one, because the mere fact that the accusation imputes the crime of assault with aggravating circumstances is not sufficient to deduce therefrom that the classification is correct and the penalty erro-

neous, for the use of a deadly weapon may not have been proven, while the simple assault may have been.

Nor can the failure to produce a statement of the case and an assignment of errors in the consideration of the evidence lead us to the conclusion that the classification of the judge was correct, since said classification is contradicted by the penalty imposed.

Studying the case of *State* v. *Klock* and accompanying notes (55 American State Reports, 259), we find that in all the cases there was a verdict of the jury which, being considered correct, served to determine whether or not the penalty imposed by the court was the proper one; and where in them a penalty was imposed lower than the minimum fixed by the statute, the case was remanded to the trial court with instructions to impose the adequate penalty.

But as in this case we lack the elements needed to declare that the error lies in the penalty and not in the classification, we must reverse the judgment and order a new trial.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.